1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN EFFRAIN BRACAMONTE,

11          Plaintiff,              No. CIV S-09-0171 MCE DAD P

12   vs.

13   KIMZEY,

14          Defendant.            FINDINGS AND RECOMMENDATIONS
   _____/

15

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint.

18                          **SCREENING REQUIREMENT**

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

24   U.S.C. § 1915A(b)(1) & (2).

25          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

7   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

9   Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson,

10  355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

11  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

12  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

13  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

14  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

15  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

16  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

17  (1969).

18          The Civil Rights Act under which this action was filed provides as follows:

19          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
20          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
21          law, suit in equity, or other proper proceeding for redress.

22  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

23  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

24  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

25  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

26  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

2

1   omits to perform an act which he is legally required to do that causes the deprivation of which

2   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3           Moreover, supervisory personnel are generally not liable under § 1983 for the

4   actions of their employees under a theory of respondeat superior and, therefore, when a named

5   defendant holds a supervisorial position, the causal link between him and the claimed

6   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

7   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

8   allegations concerning the involvement of official personnel in civil rights violations are not

9   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10                       **PLAINTIFF'S AMENDED COMPLAINT**

11           In his amended complaint, plaintiff identifies as the sole defendant Correctional

12   Counselor Kimzey.  Plaintiff alleges that, on October 2, 2008, he was asking defendant Kimzey

13   questions about his classification when she left his cell without answering all of his questions.

14   Plaintiff alleges that he told defendant Kimzey that he would be filing an inmate appeal about her

15   alleged conduct.  She responded that, since plaintiff could explain himself in such a manner, he

16   had no mental illness and did not belong in the Enhanced Outpatient Program.  Plaintiff claims

17   that defendant Kimzey's actions  violated his right to equal treatment and scarred him

18   emotionally.  Plaintiff requests monetary relief for his emotional injuries.  (Am. Compl. at 5.)

19                             **ANALYSIS**

20           Plaintiff's amended complaint should be dismissed without leave to amend.  See

21   Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion

22   to deny leave to amend when any proposed amendment would be futile.").  On April 23, 2009,

23   the court dismissed plaintiff's original complaint with leave to amend and advised him of the

24   legal standards governing his potential claims under the Eighth and Fourteenth Amendments and

25   the Americans with Disabilities Act.  Nevertheless, in his amended complaint, plaintiff has again

26   failed to state a cognizable claim for relief against defendant Kimzey.

1    In general, pro se pleadings are held to a less stringent standard than those drafted

2  by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe

3  such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

4  However, the court's liberal interpretation of a pro se complaint may not supply essential

5  elements of the claim that are not pled.  Ivey, 673 F.2d at 268; see also Pena v. Gardner, 976 F.2d

6  469, 471 (9th Cir. 1992).

7    Here, at most, plaintiff alleges that he had a disagreement with defendant Kimzey

8  about his classification and about whether he suffers from a mental illness.  Such a disagreement,

9  however, does not rise to the level of a constitutional violation.  Moreover, although plaintiff

10  alleges that the defendant's actions scarred him emotionally, under the law he may not recover

11  damages for purely mental or emotional injuries.  See 42 U.S.C. § 1997e(e) (no federal civil

12  action may be brought by a prisoner confined in a jail, prison or other correctional facility for

13  mental or emotional injury suffered while in custody without a prior showing of physical injury).

14  Accordingly, the court concludes that leave to amend would be futile in this case, and this action

15  should be dismissed with prejudice.

16                                          **CONCLUSION**

17    For the reasons discussed above, IT IS HEREBY RECOMMENDED that this

18  action be dismissed due to plaintiff's failure to state a cognizable claim.  See 28 U.S.C. § 1915A.

19    These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

21  days after being served with these findings and recommendations, plaintiff may file written

22  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

23  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

24  /////

25  /////

26  /////

1 | specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2 | F.2d 1153 (9th Cir. 1991).

3 | DATED: July 17, 2009.

4 |

5 | _____

6 | DALE A. DROZD
  | UNITED STATES MAGISTRATE JUDGE

7 | DAD:9
  | brac0171.56

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |